48   95<br>
54  132<br><br>
48   95<br>
60e  16<br><br>
48   95<br>
63e 257

STATE, EX REL. MILAN ROSS, TREASURER OF THE BOROUGH OF ASBURY PARK, IN THE TOWNSHIP OF NEPTUNE, v. HENRY C. WINSOR, COLLECTOR OF THE TOWNSHIP OF NEPTUNE.

The fourteenth section of "An act providing for additional powers and certain changes in the government of certain localities governed by commissioners," passed April 17th, 1884, is unconstitutional as a special or local law regulating the internal affairs of towns.

On application for *mandamus.*

Argued at November Term, 1885, before Justices DEPUE, VAN SYCKEL and DIXON.

For the relator, *Hawkins & Durand.*

For the respondent, *R. Ten Broeck Stout.*

The opinion of the court was delivered by

DIXON, J.   This is an application for a *mandamus* to compel the collector of the township of Neptune, in Monmouth county, to pay over to the treasurer of the borough of Asbury Park the tax assessed within the borough for road purposes.

The relator bases his right to the writ upon the fourteenth section of " An act providing for additional powers and certain changes in the government of certain localities governed by commissioners," passed April 17th, 1884.   *Pamph. L., p.* 204.   The respondent insists that this section is unconstitutional as an attempt to regulate the internal affairs of towns by a local or special law.

The provision in question is evidently designed to regulate the internal affairs of both the township of Neptune and the borough of Asbury Park.   Its purpose is to take from the committee of the township, and confer upon the commissioners of the borough, the right of expending on the streets of the borough the road tax raised therein.   This is one of the internal concerns of the municipal government.   The inquiry therefore arises whether this provision is to be regarded as special or local, or whether it can be defended on the principle of classification.

We think it comes within the constitutional interdict as a special law.   The whole statute, by its terms, is confined to seaside resorts governed by boards of commissioners.   The individuals thus grouped into a class by legislative enactment are distinguished from other municipalities by two features only, their being seaside resorts, and their being governed by boards of commissioners, and, consequently, no legislation touching this class alone is constitutional, unless it properly relates to these peculiarities.   We cannot see how the section under review is so related.   That the power to expend the road tax of a municipality on its streets should be vested in

its own governing body, rather than in the committee of the township of which it territorially forms a part, is a proposition which seems to have no natural connection with the facts that the municipality is a seaside resort, and that its governing body is styled a board of commissioners.

The *mandamus* should be refused.